HUGH LAMB v. WILLIAM S. CANNON ET UX., BUILDERS, AND DAVID A. RYERSON, OWNER.

1.  Where one who has purchased lands upon an agreement that part of the purchase price shall be secured by mortgage, to be given on the delivery of the deed, commences, without the written consent of the vendor, to erect buildings upon the land before the actual delivery of the deed and mortgage; the mortgage, if afterwards given pursuant to the agreement, and duly registered, has preference over any lien claim which may have been filed for labor or materials, although furnished before the execution of the mortgage.
2.  The seizin of the purchaser was a merely transitory one, to which no lien could attach, the mortgage and deed being delivered simultaneously.
3.  One who purchased the equity of redemption of the mortgagor, after the deed was delivered to him, and who, subsequently, purchased the premises at sheriff's sale under foreclosure of the purchase money mortgage, holds the title free from the lien claim filed for materials. furnished before the execution and delivery of the mortgage.

In error to Essex circuit.

Argued at February Term, 1876, before the CHIEF JUSTICE, and Justices SCUDDER, VAN SYCKEL, and WOODHULL.

For the plaintiff, *C. F. & C. E. Hill.*

For the defendant, *D. A. Ryerson.*

The opinion of the court was delivered by

VAN SYCKEL, J. In January, 1873, one Swain, the owner of a vacant lot, agreed to sell it to Mrs. Cannon, and received from her $500 in part payment of the purchase price. By the terms of the sale a mortgage was to be executed on the premises by Mrs. Cannon, and her husband, to secure $2000 of the purchase money.

In February, 1873, the Cannons, without the consent of Swain, commenced to erect a building on said lot, for work upon which this lien is claimed. The deed to Mrs. Cannon was dated January 17th, 1873, and acknowledged February 27th, 1873, but was not delivered until March 10th, 1873, at which date the mortgage was also delivered, and the deed and mortgage put upon record.

December 19th, 1873, the Cannons conveyed, by deed, all their interest in the premises to one Mc Dermitt, who, on the 16th February, 1874, conveyed the same to the defendant, Ryerson. A bill to foreclose this purchase money mortgage was filed December 5th, 1873, to which the plaintiff was not made a party, his lien not being filed until April 27th, 1874. At the foreclosure sale, under these proceedings, July 10th, 1874, the lot in question was struck off and sold to the defendant, Ryerson, and being duly conveyed to him by the sheriff's deed.

On the trial below judgment was rendered in favor of Ryerson and against Lamb.

The only question in the case is, whether the plaintiff's claim is a lien upon the building and land of the defendant?

In *National Bank of the Metropolis* v. *Sprague*, 5 *C. E. Green* 13, Chancellor Zabriskie held, that where one who has purchased lands upon an agreement that a part of the price shall be secured by a mortgage, to be given upon the delivery

of the deed, commences, without the written consent of the vendor, to erect buildings upon the land, before the actual delivery of the deed and mortgage, the mortgage, if afterwards given pursuant to the agreement, and duly registered, has preference over any lien claim which may have been filed for labor or materials, although furnished before the execution of the mortgage.

To the same effect is *Strong* v. *Van Deursen*, 8 *C. E. Green* 369, that a purchase money mortgage has preference over lien claims for work and materials put upon the property by contract with the purchaser, between the execution of the contract of purchase and the conveyance.

The mortgage and deed being simultaneously delivered, the seizin of the purchaser was a merely transitory one, to which no lien could attach. *Macintosh* v. *Thurston*, 10 *C. E. Green* 242.

The purchase money mortgage unquestionably has priority over the lien claim, and the lien claim was, therefore, cut off by the foreclosure suit.

In *Raymond* v. *Post*, 10 *C. E. Green* 447, it was held, that where a lien claim was filed after the commencement of a suit to foreclose a mortgage, which was on the land before the work was done, for which the lien was claimed, and the lien claimants were not made parties to the suit, and did not apply to be made parties, the claim was cut off by virtue of the provisions of the "act relating to the Court of Chancery," (*Laws*, 1870, *p.* 40,) by sale under the foreclosure.

This act is applicable to the plaintiff in this case, who filed his claim after the foreclosure suit was instituted, and did not apply to be made a party defendant thereto.

But it is insisted that the interest or estate which Ryerson acquired under the foreclosure sale, merged in the prior title which he acquired by purchase from Cannon's grantee.

In *Van Wagenan* v. *Brown*, 2 *Dutcher* 204, Justice Vredenburgh asserts the contrary of this to be the law of this

state, and it is now the well settled rule, that the payment of the debt secured by a mortgage, by the purchaser of the equity of redemption, not being the mortgagor, does not necessarily merge the estate created by the mortgage, but it will be kept alive, if such is the intention of the parties, and the ends of justice will be promoted by it. *Duncan* v. *Smith,* 2 *Vroom* 325; *Mulford* v. *Peterson,* 6 *Ib.* 127; *Parker* v. *Child,* 10 *C. E. Green* 41.

It being the policy of our law to build up the estate of the purchaser of the equity of redemption, who buys in the mortgage, unless a contrary intent is manifested, that purpose will not be frustrated, when by foreclosure sale to such purchaser there is a legal appropriation of the mortgaged premises to the payment of the mortgaged debt.

By such foreclosure and sale, the lien which the mortgagee had, ripened into a title in the purchaser at such sale, and by our statute, (*Nix. Dig.* 610, *pl.* 5,) as good and perfect an estate passed to the vendee, as the mortgagor had at the time of executing the mortgage. By the decree of foreclosure and sale, the title which was conveyed by the Cannons to McDermitt, and by him to Ryerson, became extinguished and lost in the estate which vested in the sheriff's grantee.

The cases before cited show that the purchase money mortgage is superior to the lien claim, and that the title of Ryerson derived under it is paramount, and excludes the lien claim.

The plaintiff is not in a position to assert any claim upon the lands in question as against the purchaser at the foreclosure sale made by virtue of the Swain mortgage.

No error is found in the judgment below, and it should, therefore, be affirmed.